MARY FOY, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Opinion Filed December 7, 1920.

1. **APPELLATE PRACTICE: Trial Practice: Demurrer to Evidence: Rule of Decision.** Where defendant did not stand on its demurrer, filed at the close of plaintiff's case, but introduced evidence on its behalf, in passing upon the propriety of the court's action in overruling the demurrer, the appellate court must consider all of plaintiff's evidence to be true, view it in the light most favorable to her, drawing from it all inferences that may reasonably be drawn in her favor, and, in the event defendant's evidence in anywise aids plaintiff's case, take such evidence into consideration and disregard all contradicted evidence of defendant unfavorable to plaintiff.

2. **TRIAL PRACTICE: Evidence: Credibility of Witness: Question for the Jury.** Where the statements made by a witness on direct examination and cross-examination are contradictory, and he afterwards stated he was confused and mistaken about the matter, etc., *held* under such circumstances his testimony cannot be said to be of no probative force, and the question of his credibility is for the jury.

3. **STREET RAILROADS: Negligence: Collision with Automobile Truck: Failure to Look and Listen: Contributory Negligence of Driver: Question for the Jury.** In an action for damages to the person and property of plaintiff, alleged to have been caused by the negligence of the defendant in operating one of its street cars in colliding with plaintiff's automobile truck at a crossing, evidence reviewed, and *held*, the question of whether or not the driver of the truck, who stopped fifteen feet from the track and saw no car within 300 feet, was guilty of contributory negligence in starting across the track, was for the jury.

4. ———: ———: ———: **Owner in Motor Vehicle Controlling Driver: Driver and Owner Required to Exercise Highest Degree of Care: Statute: Instructions.** In an action by the owner of an automobile truck for damages to person and property caused by collision between the truck and a street car at a crossing while plaintiff was sitting beside her son, the driver of the truck, and who was the owner thereof and controlling the actions of the driver, an instruction which cast upon the plaintiff the duty of exercising ordinary care and upon the driver the duty of exercising the highest degree of care, was erroneous, in view of Section 12, p. 330, Laws of 1911, imposing an obligation not only on the operator of the automobile, but also upon the person owning or controlling it, to exercise such care as a very careful person would exercise under like or similar circumstances.

5. **INSTRUCTIONS: Error as to Degree of Care Required of Persons Operating Motor Vehicle not Invited.** In an action for damages to the person and property of plaintiff, alleged to have been caused by the negligence of defendant in operating one of its street cars wherein the plaintiff's automobile truck was damaged and she received personal injuries as a result of a collision of the truck with the street car at a crossing, where plaintiff was sitting beside her son, the driver of the truck, and controlled the actions of the driver, *held*, that defendant by its instructions requested and given, did not concur in plaintiff's theory of her duty under the law, namely, ordinary care, hence the error involved in the plaintiff's instructions was not invited or common error.

6. ———: **Term ''Negligence'' Used in Instructions Should be Defined.** The term "negligence" when used in an instruction is a relative term, and may be a failure to use ordinary care, or high care, depending on the duty imposed by the law, and should be defined.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Wilson A. Taylor,* Judge.

REVERSED AND REMANDED.

*Charles W. Bates, T. E. Francis* and *Albert D. Nortoni* for appellant.

(1) The court should have given defendant's demurrer requested by it at the close of plaintiff's case, because the negligence of her son and servant, the chauf-

feur, which is imputed by the law to her, was such as to render plaintiff guilty of contributory negligence as a matter of law and precludes her recovery. (a) The negligence of plaintiff's son, driving her in her automobile, is her negligence, and if she is injured or damaged as a result of the negligence of her son, in so acting, contributing to such injury or damage, such negligence precludes her right of recovery. Threadgill v. United Ry. Co., 214 S. W. 161; Markowitz v. Met. Ry. Co., 186 Mo. 350. (b) The Vigilant Watch Ordinance is not the Last Clear Chance Doctrine. On the contrary contributory negligence is a complete defense thereto, identically as it is under the Speed Ordinance, or any other statutory or primary negligence. Gubernick v. United Ry. Co., 217 S. W. 33; Vogt v. United Ry. Co., 266 S. W. 75. (c) "A violation by the railway company of the city ordinance, prescribing a maximum rate of speed for trains, does not abrogate the rule of law requiring one approaching a railroad track to exercise due care to avoid injury. Nor does it shift responsibility to the company if injury ensues from the failure of the traveler to exercise that care." Schmidt v. Mo. Pac. Ry. Co., 191 Mo. 215-228; Laun v. St. L. & S. F. Ry. Co., 216 Mo. 563; Fletcher v. Atlantic & Pac. Ry. Co., 64 Mo. 484; Mockowik v. K. C., etc., Ry. Co., 196 Mo. 550. (d) Neither did plaintiff or her son and servant, the chauffeur, have the right to presume in this case that the street car was being operated at a rate of speed within the maximum prescribed by the ordinance. Mockowik v. K. C., etc., Ry. Co., 196 Mo. 550; Volker's Products Co. v. United Ry. Co., 185 Mo. App. 310; Paul v. United Ry. Co., 152 Mo. App. 577; Paul v. United Ry. Co., 160 Mo. App. 599; Green v. Mo. Pac. Ry. Co., 1912 Mo. 131. (e) Railroad tracks are in and of themselves signals of danger to all persons, *sui juris,* and one must exercise due care in looking and listening both ways for the approach of cars thereon before venturing upon such tracks. Dyrez v. Mo. Pac. Ry. Co., 238 Mo. 33-46, 47; Volker's Products Co. v. United Ry. Co., 185 Mo. App. 310-317; Schmidt v. Mo. Pac. Ry. Co.,

191 Mo. 215; Kelsey v. Mo. Pac. Ry. Co., 129 Mo. 362; Payne v. C. & A. Ry. Co., 136 Mo. 562; Laun v. St. L. & S. F. Ry. Co., 216 Mo. 563; Sanguinette v. M. R. B. Ry. Co., 196 Mo. 466; Mockowik v. K. C., etc., Ry. Co., 196 Mo. 559; Peters v. Lusk, Rec., 200 Mo. App. 372. Also the same case in Supreme Court, under title, State ex rel., Peters v. Reynolds, 214 S. W. 121. (f) Due care in this case exacted by the statute, insofar as both plaintiff and her son, servant and chauffeur, is concerned, is high care—that is, such care as a very careful person would exercise under like or similar circumstances. Threadgill v. United Ry. Co., 214 S. W. 161; England v. S. W. Mo. Elec. Ry. Co., 180 S. W. 32; Nichols v. Kelley, 159 Mo. App. 1; Par. 9, Sec. 12, p. 330, Laws of Mo., 1911. (g) And this duty to use high care in looking and listening for an approaching car before venturing upon the railroad track is a continuing duty until the track is reached and the crossing made. Kelsey v. Mo. Pac. Ry. Co., 129 Mo. 362; Volker's Products Co. v. United Ry. Co., 185 Mo. App. 310; Mockowik v. K. C., etc., Ry. Co., 196 Mo. 550; Maginnis v. Mo. Pac. Ry. Co., 182 Mo. App. 694; Also same case in Supreme Court, Maginnis v. Mo. Pac. Ry. Co., 268 Mo. 667. (h) Therefore, it is the established law in the Supreme Court and in this court, in cases of this character, where one is injured in crossing railroad tracks— we quote "that which he could have learned by the exercise of ordinary (high) care, under such circumstances, will be imputed to him as a known fact" (State ex rel. Peters v. Reynolds, 214 S. W. 121). In the same case in this court, the court said: "That which deceased could have learned by the exercise of ordinary (high) care under the circumstances will be imputed to him as a known fact." Peters v. Lusk, Rec., Frisco, 200 Mo. App. 382; See, also, Vandeventer v. C. & A. Ry. Co., 177 S. W. 834. (i) In applying these principles, the courts have declared, when ordinary care only was required, that one crossing an open space from fifteen to twenty feet wide, before reaching the track without looking, was negligent as a matter of law such as pre-

cluded a recovery. Such is the judgment of this court pronounced in Peters v. Lusk, Mo. App. 200, 372. And on *certiorari* in the same case in Supreme Court, the same ruling was made in State ex rel. Peters v. Lusk, 214 S. W. 121; Vandeventer v. C. & Ry. Co., 177 S. W. 838; Green v. Mo. Pac. Ry. Co., 192 Mo. 131; Burnett v. A., T. & S. F. Ry. Co., 172 Mo. App. 51-56; Hook v. Mo. Pac. Ry. Co., 162 Mo. 570. (j) Plaintiff is conclusively shown to have been guilty of contributory negligence. To look while ten or fifteen feet from the track will not suffice, for the duty to look and listen is a continuing one, and when the conveyance could have been stopped while yet in a place of safety, the law requires a last and final look for the car while yet in such place of safety, and before entering into the danger zone. McCreery v. United Ry. Co., 221 Mo. 18; Gubernick v. United Ry. Co., 217 S. W. 33; Volker's Products Co. v. United Ry. Co., 185 Mo. App. 310. (2) Because of the inherent equity and justice of the law, it will not permit one to say or be believed, nor will the courts tolerate a finding by the jury that one possessed of sight and hearing, looked or listened for a car and did not see or hear it approaching, when the physical facts disclose that had he looked or listened with due care (and in this case high care) he could have seen or heard such car. Payne v. C. & A. R. R. Co., 136 Mo. 562-580; England v. S. W. Mo. Ry. Co., 180 S. W. 32-34; Hook v. Mo. Pac. Ry. Co., 162 Mo. 569-581; Fagg v. Mo. and N. Ark., R. R. Co., 185 Mo. 79-84; Dyrez v. Mo. Pac. Ry. Co., 238 Mo. 33-47; Guffey v. Harvey, 179 S. W. 729-731; Huggard v. Mo. Pac. Ry. Co., 134 Mo. 673-679; Salotuchin v. Met. St. Ry. Co., 127 Mo. App. 577; Landrum v. St. L., etc., R. R. Co., 178 S. W. 273-275; Kelsey v. Mo. Pac. Ry. Co., 129 Mo. 362. (a) In such cases the law treats with the party as having seen the car and notwithstanding, negligently drove upon the track into an obvious danger. Kelsey v. Mo. Pac. Ry. Co., 129 Mo. 362; Maginnis v. Mo. Pac. Ry. Co., 182 Mo. App. 694. The same case, opinion approved in the Supreme Court, Maginnis v. Mo. Pac.

Ry. Co., 268 Mo. 667; Dyrez v. Mo. Pac. Ry. Co., 238 Mo. 33-47; Mockowik v. K. C., etc., Ry. Co., 196 Mo. 550; England v. S. W. Ry. Co., 180 S. W. 32; Hook v. Mo. Pac. Ry. Co., 162 Mo. 569. (3) The evidence elicited from W. P. Smith, under the question as to the shortest space and time the car could be stopped while running at ten miles per hour was immaterial, because in any view plaintiff was guilty of contributory negligence which barred her right of recovery. McCreery v. United Rys. Co., 221 Mo. 18; Gubernick v. United Rys. Co., 217 S. W. 33; Volker's Products Co. v. United Rys. Co., 185 Mo. App. 310. (a) Moreover, such is immaterial because the question did not hypothesize what a reasonably prduent motorman could do towards stopping the car by the exercise of ordinary care with the appliances at hand, and was therefore without probative force. Burge v. Wabash R. R. Co., 244 Mo. 76. (b) The law does not reckon with the question as to whether a car may be stopped in the shortest space and time, but rather as to in what distance the car may be stopped in the shortest space and time by the exercise of ordinary care when used by a reasonably prudent motorman. See Vogt v. United Rys. Co., 226 S. W. 75; Also, Gebhardt v. St. L. Transit Co., 97 Mo. App. 373. (4) The evidence of witness Kennedy, after he disclaimed his ability to state the rate of speed the car was going at the time, was incompetent and prejudicial because it amounted to a mere guess. Such mere guess is not tolerated. McCreery v. United Rys. Co., 221 Mo. 18-28. (5) Plaintiff's instruction No. 1, submitting the charge of negligence under the viligant watch ordinance, is erroneous, misleading and prejudicial in that it authorizes a verdict for plaintiff if the jury should find that defendant's motorman "failed to stop said car in the shortest space and time possible," whereas, such is not the law. The obligation of the defendant, under the law, is to do no more than to exercise ordinary care to stop the car in the shortest time and space possible to avert a collision. The point has been but recently decided. Vogt v. United Rys.

Co., 226 S. W.——; Also, Gebhardt v. St. L. Transit Co., 97 Mo. App. 373. (a) Plaintiff's instruction No. 1 is erroneous and prejudicial in that under the Vigilant Watch Ordinance contributory negligence, when shown, is a complete defense, and such instruction attempted to submit the question of plaintiff's contributory negli- gence, and also that of her servant and chauffeur, to the jury, as one of fact, when in this case plaintiff's contributory negligence, and that of her servant, the chauffeur, appears conclusively as a matter of law, and therefore should not have been submitted to the jury at all. Gubernick v. United Ry. Co., 217 S. W. 33; Mc- Creery v. United Ry. Co., 221 Mo. 18. (b) Plaintiff's instruction No. 1 is erroneous, misleading and preju- dicial for that it requires the jury to find no more than that plaintiff was exercising ordinary care for her own safety immediately prior and at the time of collision, whereas, under the law, it was her duty to exercise high care; that is, such care as a very careful person would exercise for her own safety under like or similar circumstances, immediately prior and at the time. Threadgill v. United Ry. Co., 214 S. W. 261; England v. S. W. Mo. Ry. Co., 180 S. W. 32; Nichols v. Kelly, 159 Mo. App. 20; Par. 9, sec. 12, p. 330. Plaintiff's instruction No. 2, submitting the change of negligence under Speed Ordinance, is erroneous and prejudicial in that it submitted the question of the contributory negli- gence of plaintiff's servant and chauffeur, and attempt- ed in an erroneous way to submit the question of plain- tiff's contributory negligence to the jury, as one of fact in the case, when such contributory negligence is a complete defense under the Speed Ordinance, and such contributory negligence on the part of both plain- tiff and her servant appear conclusively as a matter of law, and no question was made on the evidence as to that matter, for the jury to pass upon. McCreery v. United Ry. Co., 221 Mo. 18; Threadgill v. United Ry. Co., 214 S. W. 161; England v. S. W. Mo. R. R. Co., 180 S. W. 32. (a) Plaintiff's instruction No. 2 is erroneous, misleading and prejudicial in that it required the jury

to find no more than that plaintiff was in the exercise of ordinary care for her own safety at and immediately prior to the collision, whereas the law required her to exercise high care for her own safety; that is, such care as a very careful person would use in like or simliar circumstances, at and immediately before such collison. Threadgill v. United Ry. Co., 214 S. W. 164; England v. S. W. S. Ry. Co., 180 S. W. 32; Nichols v. Kelley, 159 Mo. App. 20; Par. 9, sec. 12, p. 330. (7) Defendant's requested instruction marked A, which was refused by the court, was a proper direction to the jury, and a proper statement of the law as to the duty of the jury in reckoning with the physical facts so obviously present in the case. McClanahan v. St. L. & S. F. Ry. Co., 147 Mo. App. 386.

*Douglas W. Robert* for respondent.

(1) (a) After the instruction in the nature of a demurrer to the evidence had been overruled at the close of plaintiff's case, the defendant offered evidence and did not renew the demurrer at the close of the whole case. It, therefore, waived the demurrer. Riley v. O'Kelly, 250 Mo. 647, 660; Frye v. Railroad, 200 Mo. 377-381; Jeffords v. Dreisbach, 168 Mo. App. 577. (b) And defendant's evidence added to and strengthened. Riley v. O'Kelly, supra, (2) (a) A violation of the vigilant watch ordinance is negligence per se. Spencer v. Transit Co., 222 Mo. 310. (b) The same is true of the speed ordinance. Wilson v. Transit Co., 233 Mo. 63; Strauchon v. Street Ry. Co., 232 Mo. 587; Swigart v. Lusk, 196 Mo. App. 471. (c) Evidence of such violations being introduced, a prima-facie case was made, and a demurrer could not be sustained. Maloney v. United Rys., 183 Mo. App. 292. (d) The fact that witness M. M. Foy was confused in cross-examination, and testified somewhat differently from what he did in direct, did not deprive his direct evidence of all probative force. Stewart v. Ry. Co., 149 Mo. App., 456; Bruening v. Ry. Co., 180 Mo. App. 438. (e) When it appears that an ordinance has been violated and

such has resulted in injury, contributory negligence must be clearly made out before the court will declare such as a matter of law. Monroe v. C. & A., 219 S. W. 68; Yonkers v. Railroad, 182 Mo. App. 558 and cases cited. (f) Where there is a verdict for the plaintiff the appellate court must accept the evidence of plaintiff as true with all the reasonable inferences to be drawn from it. Esstman v. United Rys., 216 S. W. 526; Hutchinson v. Oil Co., 218 S. W. 951; Stipetich v. Stove Co., 218 S. W. 36. (3) (a) There is no evidence that Foy could have seen the car from a point two feet north of the building line. There was no car within 300 feet of Theresa Avenue and he therefore had the right to rely on that fact and to assume that the car would travel at a lawful rate and that he could safely cross. State ex rel. v. Reynolds, 214 S. W. 121; Lueders v. Railroad, 253 Mo. 97; Moon v. Transit Co., 237 Mo. 425; Strauchon v. Street Ry. Co., 232 Mo. 587; Powers v. Transit Co., 202 Mo. 267; Riska v. Railroad Co., 180 Mo. 168; Bluedorn v. Ry. Co., 121 Mo. 258; Swigart v. Lusk, 196 Mo. App. 471; Maloney v. United Rys., 183 Mo. App. 292; Yonkers v. Railroad, 182 Mo. App. 558; Bruening v. Ry. Co., 180 Mo. App. 434. (b) The duty to look for a street car did not continue up to the track. Having stopped and looked and seen no car within 300 feet, it was for the jury to determine if the driver was exercising care Monroe v. C. & A., 219 S. W. 68; Maloney v. United Rys., 183 Mo. App. 292; Draper v. K. C. Rys., 203 S. W. 646. (c) The highest degree of care to avoid injury is due only from the one actually operating the automobile. Threadgill v. Ry. Co., 214 S. W. 26; England v. Railroad Co., 80 S. W. 32. (d) However defendant's theory of the case, as shown in its instructions, was that only ordinary care was required of either owner or driver and it, therefore, cannot complain here that such was the theory below. Bradford v. McAdoo, 219 S. W. 92; Monroe v. C. & A., 219 S. W. 68-69; Lareau v. Lareau, 208 S. W. 241-5; Ellis v. Street Ry., 234 Mo. 676; Gordon v. Park, 219 Mo. 600; Christian v. Ins. Co., 143 Mo. 460; Olfermann v. Ry. Co., 125 Mo. 408; Elliott v.

Welby, 13 Mo. App. 22.   (4) (a) Testimony on behalf of plaintiff cannot be disregarded, although contrary to that of defendant, unless plaintiff's testimony is directly, wholly and beyond doubt, contrary to physical laws. Gunn v. Hemphill, 218 S. W. 978; Irwin v. United Rys., 196 Mo. App. 666; Young v. Dunlap, 159 Mo. App. 199; Warnke v. Rope Co., 186 Mo. App. 30; Bruening v. Ry. Co., 180 Mo. App. 434; Berger v. C. & A., 97 Mo. App. 127. (b) The evidence not being contrary to physical facts, its credibility was for the jury. Davis v. Hospital, 218 S. W. 696.   (c) Where there is a verdict for the plaintiff, the appellate court must accept plaintiff's evidence as true with all the reasonable inferences to be drawn from it. Cases cited under Point 2, f.   (5) (a) The evidence of W. P. Smith as to the shortest space in which the car could be stopped, was not objected to, hence appellant cannot assign error here.   Defendant's counsel only said, "I object as immaterial," which is no objection at all. Morton v. Telephone Co., 217 S. W. 831; Hafner Mfg. Co. v. City, 262 Mo. 621.   (b) The probative force of evidence is for the jury. Paul v. Telegraph Co., 164 Mo. App. 233. (c) The evidence itself was of course material in this case, hence the general objection was insufficient. Dean v. Railroad, 199 Mo. 386. (d) However, the ordinance required the car to be stopped "in the shortest time and space possible."   The question asked included the requirement, "with safety to the passengers and to the car."   It was therefore proper. Esstman v. United Rys., 216 S. W. 526.   (e) Furthermore, no such objection to the question as raised here was made in the trial court. Morton v. Telephone Co., supra; Hafner Mfg. Co. v. City, supra.   (6) (a) The evidence of witness Kennedy as to the speed of the car was not objected to.   All counsel did was to remark: "The witness has said that he can't tell how fast."   This is in no sense an objection. Kansas City v. Oil Co., 140 Mo. 475; Ridenour v. Miner Co., 164 Mo. App. 576; Hutchinson v. Morris Bros., 131 Mo. App. 258.   (b) However, the witness did say that he could testify "approximately" how fast it was going, that is, give his opinion, and that was proper evidence. Lorenzen

v. United Rys., 249 Mo. 182; Stotler v. Railroad, 200 Mo. 107. (7) Plaintiff's instruction number 1 was correct. It required the jury to find that the motorman "carelessly and negligently . . . failed to stop said car in the shortest space and time possible, with the means and appliances at hand and with safety to the passengers of said car, to himself and to the car." It included all of the elements required. Esstman v. United Rys., 216 S. W. 526; Spencer v. Transit Co., 222 Mo. 310. (b) The absence of the degree of care required under the circumstances is negligence, and, of course, the converse is true. Campbell v. United Rys., 243 Mo. 141. (c) If the defendant had desired the jury instructed more minutely or more particularly on the degree of care required of the motorman under the circumstances, it should have asked such an instruction. It was not incumbent upon the court to instruct without the request. Wagner v. Ry. Co., 160 Mo. App. 334. (d) The question of contributory negligence has been covered herein under Point 3. (8) (a) Instruction number 1 does not "require the jury to find no more than that plaintiff was exercising ordinary care." The instruction is in language approved in the Threadgill case. It requires the jury to find that plaintiff's agent was exercising the higest degree of care and his care or negligence was imputable to her. Threadgill v. United Rys., 214 S. W. 161. (b) But defendant cannot complain of this instruction. It adopted, in its instructions, the theory that only ordinary care was required of the driver of the automobile, hence will not be heard to object to plaintiff's instructions here. It is estopped. Bradford v. McAdoo, 219 S. W. 92; Monroe v. C. & A., 219 S. W. 68; Lareau v. Lareau, 208 S. W., 241; Ellis v. Street Ry. Co., 234 Mo. 696; Gordon v. Park, 219 Mo. 600; Christian v. Ins. Co., 143 Mo. 460; Olferman v. Ry. Co., 125 Mo. 408; Elliott v. Welby, 13 Mo. App. 22. (9) (a) Plaintiff's instruction number 2 is correct. The question of contributory negligence is covered herein under Point 3. (b) Appellant's complaint of instruction number 2 on the question of ordinary care is met with the same answer as that to instruction number 1 under Point 8, that is, that it is

correct and that defendant adopted the same theory in its own instructions. Cases cited under Point 8. (10) Instruction A was properly refused, because, (1) there was no evidence of physical facts which contradicted any of plaintiff's witnesses; (2) it is too general and sweeping and would give the jury a roving commission; (3) it is so indefinite that it would tend to mislead the jury; (4) it endeavors to state an abstract proposition of law and as such would be erroneous; (5) it does not state the law, (6) it is argumentative. Cleveland v. Davis, 3 Mo. 331; Bailey v. Davis, 3 Mo. 331; Logan v. Rys., 166 Mo. App. 490; Smith v. Railroad, 150 Mo. App. 1; Ford v. Gray, 131 Mo. App. 240; Stafford v. Adams, 113 Mo. App. 717; Koontz v. Kaufman, 31 Mo. App. 397.

BIGGS, C.—A suit for damages to the person and property of plaintiff alleged to have been caused by the negligence of the defendant in operating one of its street cars. The plaintiff's automobile truck was damaged and she received personal injuries as a result of a collision of the automobile with the street car at the corner of Olive street and Theresa avenue. The truck at the time was being driven by plaintiff's son, Mathew Foy, and it is conceded that he was acting as plaintiff's agent, and that his acts are imputable to her.

The negligence specified is: (1) A violation of the Vigilant Watch Ordinance of the city of St. Louis, which requires the motorman to keep a vigilant watch for all vehicles and persons on foot, especially children, either on the track or moving towards it, and on the first appearance of danger to such persons or vehicles, the car shall be stopped in the shortest time and space possible; and (2) a violation of the so-called Speed Ordinance of said city, which prohibits a street car being propelled at a greater speed than ten miles per hour in that portion of the city where the collision occurred.

The answer is a general denial and a plea of contributory negligence on the part of both the plaintiff and her agent and chauffeur in failing to exercise the high degree of care imposed upon them by the law in operating

the automobile on the streets of the city, in. that they caused and permitted the said automobile in which they were both riding at the time to suddenly and unexpectedly approach so near a street car track, on which a street car was at the time moving, as to cause said automobile to come in contact with a moving street car, and that they negligently drove in such close proximity to said track, without looking or listening for the approach of said car, when and where, if they, or either of them, had looked or listened, they or either of them could have seen and heard the approaching car in time to have kept far enough from said track to have avoided the collision.

The main defense as developed by the evidence was the alleged contributory negligence on the part of plaintiff's agent and chauffeur in driving the automobile upon the street car tracks without performing the duty imposed on him to look and listen for the approaching car.

Following the verdict of a jury, there was a judgment for plaintiff for $1250, from which defendant has appealed.

I.   It is first contended by defendant that its demurrer to the evidence should have been sustained, for the reason that the evidence shows that the driver of the automobile was guilty of contributory negligence as a matter of law.   Defendant did not stand on its demurrer filed at the close of plaintiff's case, but introduced evidence on its behalf, and in passing upon the propriety of the court's action we must consider all of plaintiff's evidence to be true, view it in the light most favorable to her, drawing from it all inferences that may reasonably be drawn in her favor, and in the event defendant's evidence in anywise aids plaintiff's case, take such evidence into consideration, and disregard all contradicted evidence of defendant unfavorable to plaintiff.   Otherwise we invade the province of the jury.

Having these elementary rules in mind, we approach the question whether the evidence discloses such conduct on the part of the driver of the automobile (and for whose acts plaintiff is concededly responsible) as to convict him

of contributory negligence beyond an inference to the contrary.

The collision occurred at about eleven o'clock a. m. on October 22, 1916, a bright, clear day, at Theresa avenue and Olive street. On Olive street, which runs straight east and west, defendant operates a line of cars. Theresa avenue runs north and south, and Grand avenue is the first street to the west some seven or eight hundred feet away. There is a considerable down grade from Grand avenue east to Theresa avenue and beyond. At the time in question plaintiff was sitting beside and to the left of Mathew Foy, her son and chauffeur, on the east of the automobile truck owned by her, and which was proceeding northwardly over Theresa avenue. The street car that collided with the truck approached Theresa avenue from the west coming down the grade from Grand avenue. Buildings are constructed on the building line on the four corners of the two streets, which prevented one approaching the intersection from seeing up and down the street until they had reached a point beyond the building line.

Mathew Foy (the driver), was about twenty-five years old at the time, and was an experienced operator of automobiles. He testified that when he approached Olive street he stopped his truck and looked west and *could* see about 300 feet and could look east and see about 250 feet, and didn't see a car coming either way; that he then blew the horn and started to cross the tracks; that when the automobile arrived at about the first rail of the eastbound track he heard the noise of the street car coming from the west and looked up and saw the car about 40 feet west of a dance hall, known as Dreamland, which was about 168 feet west of Theresa avenue, coming down grade at a speed of between 30 and 35 miles per hour; that he kept his machine running and started over the track, and then looked again, when the car was almost on him, and that he put on all the power he could, but that he failed to get across the track, and the street car hit the rear wheel of the automobile and knocked the machine to the north side of Olive street, about 50 feet east of the north-

east corner, and that the street car ran about 100 feet after the collision. The witness further testified that at the time he stopped his automobile he was about two feet north of the south building line, and while it is not clear from his testimony why he should not have seen further west on Olive street than 300 feet, he testifies that he could see only this distance and did not see the car.

The situation is to some extent cleared up by the testimony of another witness, who was at the time standing at the southwest corner of Theresa avenue and Olive street, and who testified that he noticed the truck come to a stop at the corner, and that Mrs. Foy and the driver looked both ways while the machine was standing still, and that the witness had seen no street car coming until the truck got on the track, when he then saw the street car 120 feet away coming down the grade at a speed of 30 miles an hour; that in looking west on Olive street from the point where he was standing one's view may be obstructed by a post on the west side of Theresa avenue, and by what the witness terms a ''cut-out'' at this point, and that a clear view west from Olive street cannot be obtained until one arrives at or beyond the curb line.

While Mathew Foy was an experienced handler of automobiles, he was not an experienced witness, and under the adroit cross-examination of defendant's counsel testified that after making the first stop of his automobile just north of the building line, he proceeded northwardly and stopped again about 10 feet from the car track, and then saw the car approaching Theresa avenue, and then started again across the track. Immediately upon being cross-examined, he was re-examined again by plaintiff's counsel, and testified that when he first saw the car coming the front wheels of his automobile were about on the south rail of the eastbound track. Afterwards the witness was re-called to the stand, and testified that he was confused and mistaken upon his cross-examination in regard to his position when he first saw the car. He then again testified that the front wheels of the truck were about on the tracks when he first noticed the car.

The plaintiff, Mrs. Foy, testified that when they approached the intersection of Olive street her son stopped the automobile, and that they both looked up and down the street and did not see or hear a car; that they then started across the track, and when the front wheels of the automobile were on the south rail of the eastbound track she then saw the street car for the first time coming down the grade at a "terrible rate."

While the statements made by Mathew Foy are contradictory, in that he stated on cross-examination that he first saw the approaching car when he was 10 feet from the track and could have stopped his automobile before going on the track (he testified he was going five miles an hour and could stop in one foot), he afterwards stated he was confused and mistaken about the matter, and that when he first observed the car the front wheels of his machine were on the rails of the eastbound track. Under such circumstances his testimony cannot be said to be of no probative force, and the question of his credibility is for the jury. The rule which governs is stated by the Supreme Court in Steele v. Railroad, 265 Mo. l. c. 110, 175 S. W. 177, thus: "We concede that ordinarily a party is not absolutely concluded by his testimony in a case where subsequently upon some excuse of mistake, oversight, misunderstanding, or lack of definite recollection he denies the statements forming the admissions. But so long as the admissions made by the party-witness stand they are conclusive and the adversary side may absolutely rely upon them. This *prima facie* conclusiveness is destroyed when the litigant corrects his mistake upon some honest and reasonable explanation (Huff v. R. R., 213 Mo. 495, 111 S. W. 1145; Down v. Racine-Sattley Co., 175 Mo. App. l. c. 387, 162 S. W. 331), and makes his statements to agree with the truth of the matter (2 Chamberlayne's Modern Law of Evidence, 1286)."

Of course, if Foy observed the car coming at what he terms a terrific speed when he was 10 feet back from the track in a position of safety, and could stop the automobile before getting on the track and did not do so, but proceeded into the danger zone, he should be held to take the

consequences, and would be guilty of negligence as a matter of law.

Considering his testimony as a whole and viewing it in the light most favorable to plaintiff, we rule it a jury question as to whether he was guilty of contributory negligence. As to the plaintiff, she testified positively that she did not see the car until the front wheels of the automobile were on the south rail of the eastbound track.

II. Defendant's learned counsel strenuously insists that the duty to look and listen is a continuing one, and that it was not sufficient for plaintiff and her driver to stop 15 feet back from the track and look and listen, but that the law required them to continue to look and listen thereafter and until they were actually upon the track, and if they did not do so their own negligence precludes a recovery.

The evidence tends to prove that the street car was coming down the grade toward Theresa avenue at a speed of from 30 to 35 miles per hour in violation of the Speed Ordinance (section 381 of the Revised Code of St. Louis); that the street car after the collision, ran about 100 feet before it could be stopped; that no bell or gong was sounded; that plaintiff and her driver approached the intersection of Olive street on Theresa avenue, and when they arrived at a point about two feet north of the building line and about fifteen feet back from the track, the automobile was stopped still and they both looked east and west and listened for a car, and did not see or hear one; that from the point where the machine was stopped the driver could see west up Olive street 300 feet, and could have seen the car had it been there; but not seeing a car within 300 feet of the crossing he started up his truck and proceeded toward the track; that he was during at least a part of this time attending to the starting of his automobile by a shifting of the gears and turning on of the gas; that had the street car been running within the ordinance speed he would have had ample time to have crossed without being struck; that neither the driver nor plaintiff saw the car until the front wheels of the truck were almost on the track, and that the driver then

put on the power and did all he could to get across without being hit, and almost succeeded as the car struck the hind wheel of the automobile.

We think under the foregoing evidence reasonable men may well differ as to whether the driver performed his full duty, and that the question of his contributory negligence was for the jury. If the law is to say to the driver of an automobile that in approaching a street car crossing he must continually look to the right and left for the approach of a street car until he arrives within the danger zone, how is he to reasonably perform his duty to look ahead and in front of him for pedestrians or vehicles on the street? And how could he be expected to look both east and west at the same time?

The rule here made is under the authority of the opinion of our Supreme Court in the recent case of Monroe v. C. & A. Railroad Co., 219 S. W. 68 (not yet officially reported), and the cases therein cited. In that case the facts came nearer convicting plaintiff of contributory negligence than those in the instant case, in that here the plaintiff stopped his machine and looked and listened at a point where he could see 300 feet up the track. For other cases see Moon v. St. Louis Transit Co., 237 Mo. 425, 141 S. W. 870; Strauchon v. R. R., 232 Mo. 587, 135 S. W. 14; Lueders v. Railroad, 253 Mo. l. c. 110, 161 S. W. 1159; State ex rel. Peters v. Reynolds, 214 S. W. 121; Moloney v. United Railways Company, 183 Mo. App. l. c. 297, 167 S. W. 471; Draper v. Kansas City Railways Company, 199 Mo. App. 485, 203 S. W. 646.

III. Defendant complains of the main instruction given the jury on behalf of plaintiff and which covered the whole case, authorizing a verdict for plaintiff upon a finding of the facts hypothesized in the instruction. One of the objections lodged is that the instruction imposes the duty on the plaintiff to exercise ordinary care, when the statute then in force (Laws of 1911, page 330) required her to exercise the highest degree of care.

After a re-argument and re-submission of the cause, we conclude that this objection is well taken. One of the issues as presented by the pleadings was whether the

plaintiff, Mrs. Foy, sitting beside her son, the driver of the truck, and who was the owner thereof and controlled the actions of the driver, was guilty of an act of omission or commission which would have caused the collision and her injuries. Her statement was to the effect that she looked for a car when the truck stopped at a point beyond the building line and which was at least fifteen feet from the track, and did not look again until the truck was on the track and in a position of danger. From this the jury could have concluded that the plaintiff was guilty of contributory negligence. Such being the situation it was, of course, necessary that the jury be properly instructed as to the degree of care imposed upon the plaintiff in the case. The present instruction cast upon her the duty of exercising ordinary care, and upon the driver the duty of exercising the highest degree of care or such care that a very careful person would use under like or similar circumstances.

The statute providing the duty of those operating and owning automobiles, which was in force at the time of the accident (Laws of 1911, page 330, paragraph 9, section 12) provides:

"Any persons owning, operating or controlling an automobile running on, upon, along or across public roads, streets, avenues, alleys, highways or places much used for travel, shall use the highest degree of care that a very careful person would use, under like or similar circumstances, to prevent injury or death to persons on, or taveling over, upon or across such public roads, streets, avenues, alleys, highways or places much used for travel."

The language of the act is very broad, and imposes an obligation not only on the operator of the automobile, but also upon the person owning or controlling it, to exercise such care as a very careful person would exercise under like or similar circumstances. In the present case, Mathew Foy, son and agent of plaintiff, was the operator of the truck, and the plaintiff was the owner thereof, and at the time was sitting beside the operator and had control over her agent and son in the operation of the machine.

This statute was construed by our Supreme Court in the late case of Threadgill v. United Railways Company, 214 S. W. 161-164, where as here the plaintiff sued for injuries received in a collision with a street car driven at the time by her son and agent. In this Threadgill case it is held that this statute imposes upon the part of the driver of an automobile in operating the same, the duty of exercising the highest degree of care for his own safety, and approved instructions which placed that duty upon the driver. While it is true the instructions in this Threadgill case only imposed the obligation of ordinary care on the part of the owner who was being driven by her chauffeur at the time and placed the obligation of high care upon the driver, and while it appears that the question of the owner's obligation under the circumstances as distinguished from that of the driver was not directly involved in the case by reason of the fact that defendant had judgment below and plaintiff appealed, we conclude from what was said by the Supreme Court in the case that the statute imposes the obligation of high care not only on the driver, but also on the owner, who was in the car, at the time and controlled the actions of the driver. For instance, on page 165 of the opinion Judge GRAVES says: "The street railway company was entitled under this law to have the plaintiff and her driver use the highest degree of care, to the end that its property and its servants might not be injured by a failure to use such degree of care. . . . This but demonstrates the fact that as to the street car and its occupants the plaintiff and her driver, in approaching them, owed them the duty of exercising the highest degree of care, and the failure to exercise such degree of care would be negligence." On the same page it is further said: "If, on the other hand, the violation of the statute occasions injury to the person violating it, such person cannot recover for injury to himself, which injury was contributed to by his own wrongful violation of law. His failure to use the highest degree of care is contributory negligence."

Plaintiff says that defendant by its instructions requested and given concurred in her theory of her duty under the law, namely, ordinary care, and that whatever error was involved in the plaintiff's instruction was invited or common error. After a careful examination, we do not so regard defendant's instructions. They are as follows:

V. The court instructs you that if you find and believe from the evidence that the driver in charge of the truck in question, when in a position of safety and at a time when he could have stopped said automobile, by the exercise of ordinary care, looked and saw the car in question, and knew and appreciated the speed at which it was coming, and knew and appreciated the danger of attempting to cross in front of it, and thereafter did attempt to cross in front of it, then plaintiff cannot recover, and your verdict must be for defendant.

VI. The court instructs you that it was the duty of the driver in charge of the automobile truck to use such care as a very careful and prudent man would use under like or similar circumstances to avoid a collision with the street car in question, and in this connection it was his duty to look and listen for the street car, and if you find and believe from the evidence that plaintiff negligently failed to look and listen for the car in question, and that said failure to look and listen contributed to cause her injuries, then your verdict must be for defendant.

VII. The court instructs you that if you find and believe from the evidence that the driver of the auto truck attempted to drive his car at a speed from fifteen to twenty miles an hour across Olive street and immediately in front of the street car in question and so close thereto as to render a collison with said street car unavoidable, by the exercise of ordinary care, then your verdict must be for the defendant, even though you may find from the evidence that the motorman failed to ring his gong and that the street car was traveling at a rate of speed greater than ten miles per hour.

Taking them in order, instruction V does not concern the duty of plaintiff, but places a duty of exercising ordinary care upon the driver to stop his truck when in a place of safety and after he looked and saw the car and knew the danger in attempting to cross in front of it. It does not cover the duty of the driver to look and listen when approaching the track and, as stated, does not attempt to cover the duty and obligation of plaintiff.

Instruction VI clearly imposes the duty on the driver of exercising the highest degree of care to avoid a collision with the car and to look and listen, and then concludes by telling the jury that "if they found from the evidence that plaintiff negligently failed to look and listen for the car in question, and that said failure to look and listen contributed to cause her injuries, then the verdict must be for defendant." No reference is made to the duty of plaintiff whether it be ordinary or high care in the instruction, unless it could be said that the word "negligently" therein used means a breach of ordinary care. This cannot be done, because there is no instruction in the case defining negligence or negligently. Negligence is a relative term, and may be a failure to use ordinary care or high care, depending on the duty imposed by the law.

Instruction VII does not aid the plaintiff, because the use of the words "by the exercise of ordinary care" used therein refer to the duty of the motorman, and the instruction does not anywhere cover the obligation of plaintiff herself.

It is unnecessary to prolong the opinion by a discussion of other alleged errors, as they are unlikely to occur upon another trial.

For the error noted, the judgment should be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Reynolds, P. J., Allen* and *Becker, JJ.*, concur.