HARLAN B. DAVIS and FANNIE M. SHEPPARD, Administratrix of the Estate of JENNIE R. POWELL, Deceased, v. EDNA LYNN and SAMUEL P. JOHNSON, Defendants, SAMUEL P. JOHNSON, Appellant. —No. 39652.—193 S. W. (2d) 609.

Division One, April 8, 1946.

*Herman Pufahl, Ralph P. Johnson* and *John M. Belisle* for appellant.

*Lee E. Crook* and *Edwin W. Mills* for respondents.

GANTT, J.—Action to set aside a deed of the collector of St. Clair County conveying, under the Jones-Munger Law, to defendant Samuel P. Johnson, the northeast quarter of the southwest quarter and the northwest quarter of the southeast quarter, both in Sec. 11, Township 36, Range 27, St. Clair County, Mo.

The case was tried on April 15, 1944. On June 19, 1944, the court ruled in favor of the defendants and dismissed the petition. On that date plaintiffs filed a motion for a new trial. On April 20, 1945, the court sustained the motion and entered judgment for the plaintiffs.

Defendant Johnson contended that the court was without jurisdiction to rule on the motion for a new trial on the theory that, under Sec. 118 of the New Civil Code, said motion had been overruled by operation of law, which section follows:

"If the motion for a new trial is not passed on within 90 days after the motion is filed, it is deemed denied for all purposes."

The sections herein mentioned are sections of the new civil code, Laws of Mo. 1943, p. 353.

In the decree the court found that the land, at the time it was sold to defendant Johnson for taxes, was of the value of $1200, and for that reason ruled that the sum of $127.50 was and is grossly inadequate and a fraud upon the rights of plaintiffs in and to said land. In other words, the court ruled that said sum was so grossly

inadequate as to be a fraud in law and for this reason granted plaintiffs a new trial.

In due time defendant Johnson filed a motion to set aside the order sustaining plaintiffs' motion for a new trial, to vacate and strike out the judgment rendered in favor of plaintiffs on April 20, 1945, and to enter an order overruling plaintiffs' motion for a new trial. The court overruled said motion and defendant Johnson appealed. He assigns error as follows:

"I. The Court erred in sustaining plaintiffs' motion for a new trial, for the reason that more than ninety days had elapsed after January 1, 1945, (when the new civil code went into effect) before it was passed on, and therefore, it was by law overruled, and the Court had no authority to sustain it.

"II. Because the Court had no right or authority to render a new judgment in favor of the plaintiff after sustaining the [610] motion for a new trial without hearing additional and further evidence."

In lieu of a bill of exceptions, the parties stipulated that the above assignments of error are the only questions for consideration and decision on this review. We proceed with this understanding.

Defendant contends that the court should have ruled on the motion for a new trial within ninety days after January 1, 1945, the effective date of the new civil code. We find in said code no requirement limiting the submission of a motion for a new trial to ninety days after the effective date of said code. We do find Sec. 3, which follows:

"This code will take effect on January 1, 1945. It governs all proceedings in actions brought after it takes effect and also further proceedings in all actions then pending, except to the extent that in the opinion of the court its application in a particular action pending when this code takes effect would not be feasible or would work injustice, in which event the former procedure applies."

As stated, the motion for a new trial was filed June 19, 1944. Thus it appears that the motion had been under submission for one hundred ninety-four days at the time the new civil code became effective. In other words, at the time the new civil code became effective, the ninety days after the filing of the motion had disappeared. In this situation the court must have been of the opinion that it "would not be feasible and would work injustice" to undertake an application of this part of the new code to the pending action. We rule that the court was of said opinion and for that reason continued a consideration of the motion under the old code. Attention is directed to subsection (b) of Sec. 6, which, in substance, follows:

"When by this code or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period

enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect; but it may not enlarge the period for filing a motion for or granting a new trial, or for commencing an action or taking an appeal as provided by this code.''

This subsection is without application for the reason the court continued a consideration of the motion under the old code, as authorized by Sec. 3 under the facts. In other words, the court did not enlarge the period for granting a new trial under the new code. It exercised its authority to consider the pending motion under the old code, as authorized by said section. Of course, if, after the effective date of the new code, a motion for a new trial is filed in a pending case, said motion would be subject to the provisions of said code. The contention is overruled.

Defendant states that if the court was authorized to consider and rule the motion for a new trial under the old code, then he contends that the trial court was without authority to render a new judgment without a retrial of the case. That question has been directly ruled in Hurley v. Kennally, 186 Mo. 225, l. c. 228, 85 S. W. 357. In that case we ruled as follows:

''The trial court has the right to grant a new trial in either a law or equity case if it is satisfied that the verdict or finding is against the weight of the evidence. The court, therefore, did not exceed its jurisdiction in sustaining the motion for a new trial.

''But when the motion for a new trial was sustained, the cause was at issue for trial again, the court had no authority to enter judgment without another trial.

''Granting a new trial put the case in condition so far as that court was concerned, as if there had never been a trial, and no judgment could thereafter be rendered upon the merits until a trial was had.''

Respondents direct attention to Sec. 115 of the New Code. That section sets forth authority of the trial court pending a decision on the motion for a new trial.

This contention of defendant is sustained, and for this reason the judgment is reversed and the cause remanded with directions to the chancellor below to sustain the motion for a new trial and proceed with a re-trial of the case. All concur.