259 S.W.2d 828 (1953)
SEE
v.
WABASH R. CO. et al.
No. 43209.
Supreme Court of Missouri, Division No. 2.
June 8, 1953.
Rehearing Denied July 13, 1953.
*829 Ninian M. Edwards, N. Murry Edwards, St. Louis, for appellant.
Albert E. Schoenbeck, St. Louis, for respondents.
WESTHUES, Commissioner.
This is the second appeal in this case. The opinion on the former appeal may be found in 362 Mo. 489, 242 S.W.2d 15.
Plaintiff, as the widow of Alva See, filed this suit to recover damages in the sum of $15,000 for her husband's death which resulted from a collision of the truck he was driving with a Wabash passenger train. Plaintiff alleged her husband met his death through the negligence of defendants Wabash Railroad Company and Andrew J. Richey, engineer of the train. A trial resulted in a verdict and judgment for the defendants. Plaintiff appealed.
Plaintiff attempted to present four points for our review. Three points pertain to instructions and the fourth to the verdict of the jury.
On the former appeal we held that the evidence was sufficient to submit the case to a jury under the humanitarian doctrine. On the first appeal, as on the second trial, plaintiff submitted her case solely upon humanitarian negligence in that defendants failed to slacken the speed of the train or to sound a warning of the approach of the train. On each trial a jury found for the defendants. We refer to the former opinion for a complete statement of the case. We shall on this appeal restrict the statement of facts to such matters as are essential to an understanding of the questions for review.
The collision in question occurred at a crossing about 3½ miles north of Montgomery City, Missouri. The tracks of the Wabash Railroad between Montgomery City and Wellsville, Missouri, run in a northwesterly and southeasterly direction. Highway 19 runs parallel with the tracks. A few miles north of Montgomery City a gravel road extends in a westerly direction from Highway 19 and crosses the tracks. This point which was referred to as Porter's crossing is about 65 feet west of Highway 19. On the morning of April 17, 1948, at about 10:30 o'clock, a northbound passenger train struck a Chevrolet dump truck which plaintiff's husband was driving at this crossing resulting in the death of the husband, Alva See. The only eyewitnesses to the collision were members of the train crew. The defendant Richey who was the engineer on the train testified that as the train, traveling about 65 miles per hour, approached the crossing, he saw the truck going in a northerly direction on Highway 19; that when the train was about 500 feet or so from the crossing, the truck turned west on the gravel roadway toward the crossing at a speed of from 5 to 8 miles per hour; that the truck stopped when about 8 or 10 feet from the crossing and then started up again; that the train was then about 90 or 100 feet from the crossing; that he, the engineer, immediately after See started up applied the emergency brakes but it was too late to avoid a collision. The engineer, as well as other witnesses, testified the whistle of the engine was sounded almost continuously from the point where the whistling post was located to the crossing. There was also evidence that the bell on the engine was ringing during all of the time before the train reached the crossing.
The evidence was that a train coming from the south could be seen for a distance over 4,000 feet from any point between Highway 19 and the crossing. The evidence was that the weather was clear and dry. Plaintiff relied upon evidence given by the engineer at the Coroner's hearing at Wellsville, Missouri, an hour or so after the collision. That evidence was summarized in plaintiff's brief to the effect that he (the engineer) "noticed the truck and called to the fireman and said the truck wouldn't make it;" that he, Richey, has sounded the whistle "from before the whistle post but he (See) did not take noticebut kept on. He never looked and never acted like it. He came up over the grade and was hit in almost center." There *830 was ample evidence to sustain a verdict for the defendants.
Plaintiff's first three points in her brief are as follows:

"I.
"The trial court erred in giving and reading to the jury Instruction No 2 offered by the defendants and given by the Court. (Citing cases.)

"II.
"The trial court erred in giving and reading to the jury Instruction No. 7 offered by the defendants and given by the Court. (Citing cases.)

"III.
"The trial court erred in giving and reading to the jury Instruction No. 3 offered by defendants and given by the Court. (Case cited.)"
The above assignments fail to comply with rule 1.08 of this court which reads in part as follows: "The brief for appellant shall contain: * * * (3) The points relied on, which shall specify the allegations of error, with citation of authorities thereunder; * * *." Appellant has failed to direct our attention to any reason for which the instructions should be held erroneous. A specification of error should be sufficient and definite to inform the court the point desired to be presented for review or discussion.
We would be justified in ignoring that portion of appellant's brief above set forth. In the interest of justice, we shall attempt to discover from the printed argument alleged error complained of by appellant.
Instruction No. 2 complained of reads as follows:
"The Court instructs the Jury that by the term `imminent peril' as used in these instructions is meant certain and immediate dangernot just a mere possibility of an injury occurring."
Plaintiff cited Prater v. Rausch, 344 Mo. 888, 129 S.W.2d 910. The instruction condemned in that case read in part "that the automobile in which plaintiff was riding was driven immediately in the path of defendant's automobile." It was that portion of the instruction that this court ruled erroneous. Instruction 2 given in this case does not so read. Instructions similar to instruction 2 in this case have been approved. See Teague v. Plaza Express Co., 356 Mo. 1186, 205 S. W.2d 563, loc.cit. 566(8, 9), and cases there cited.
In the second point plaintiff says the court erred in giving instruction 7 which reads as follows:
"The Court instructs the Jury that the mere fact that plaintiff's husband, Alva See, was killed as the result of the collision between the truck he was operating and the train mentioned in evidence, and that the plaintiff, Bertha See, has brought suit against Andrew J. Richey and Wabash Railroad Company, claiming that they were negligent, is no evidence that said Andrew J. Richey and Wabash Railroad Company were in fact negligent.
"Negligence is not in law presumed but must be established by proof, as explained in other instructions."
The case of Orris v. Chicago, R. I. & P. R. Co., 279 Mo. 1, 214 S.W. 124, was cited. In that case plaintiff was injured when a hot cinder, claimed to have escaped from a smoke stack, burned his eye. An instruction that the mere fact that plaintiff was injured was no evidence of defendant's negligence was held erroneous. It was pointed out that a hot cinder was of itself evidence of defendant's negligence in not having the smoke stack properly screened. That case is no authority in the case before us for review.
This court has had such instructions under review a number of times. If the injury itself is any evidence supporting a charge of negligence then such instructions are erroneous. However, in cases such as this one, where the injury is of itself no evidence of negligence, such instructions have been approved. The distinction was pointed out in Sharp v. City of Carthage, 319 Mo. 1028, 5 S.W.2d 6, loc.cit. 8.
*831 Instruction 3 complained of reads as follows:
"The Court instructs the Jury that the defendants had a right to assume that a truck approaching the crossing would stop before going upon a crossing into danger of being struck by a train, and said defendants were under no duty to signal or slacken speed until they saw or should have seen that the truck would not stop and was in a position of danger.
"If you find and believe from the evidence that as soon as it became or should have become apparent to the defendants, under the circumstances, that the truck was in a position of imminent peril, it was then too late for the engineer or fireman to sound a warning of the approach of the train or slacken the speed thereof in time to avoid a collision, the plaintiff cannot recover and your verdict should be in favor of the defendants."
Plaintiff in the argument had the following to say: "This instruction is misleading because it has been held by our Supreme Court that an engineer is only entitled to assume that a driver approaching a crossing is not oblivious to the approach of a train unless he showed some reasonable appearance of obliviousness." Plaintiff cited Janssens v. Thompson, 360 Mo. 351, 228 S.W.2d 743, loc.cit. 746, as authority. What was said in that case seems to us to be authority against plaintiff's contention that the instruction is erroneous. In that case, this court said, 228 S.W.2d loc.cit. 746(2), "We cannot hold Instruction 4 erroneous. In Clark v. Atchison, T. & S. F. R. Co., 319 Mo. 865, 6 S.W.2d 954, we reversed and remanded solely for refusal of a similar instruction. In Poague v. Kurn, 346 Mo. 153, 140 S.W.2d 13 we said that such an instruction in a humanitarian case should not make reference to the care to be used by plaintiff. See also Lynch v. Baldwin, Mo.Sup., 117 S.W.2d 273. However, Instruction 4 did not contain any such reference. We also said in the Poague case that what this instruction really meant, and that what the trainmen were entitled to assume, was that the approaching driver was not oblivious to the approach of the train unless he showed some reasonable appearance of obliviousness; * * *." That statement may well be applied to instruction 3 in this case. In the case of Clark v. A. T. & S. F. R. Co., supra, this court 6 S.W.2d at page 961(16, 17) said, "Consequently, if the engineer of a train sees an adult person approaching the track, unless there is something in his actions or manner to indicate the contrary, the engineer has the right to assume that such person will stop before going on the track, * * *."
Plaintiff says the engineer gave evidence at the Coroner's hearing which indicated that he realized See was oblivious of the oncoming train and that there was no evidence to the contrary. To this we cannot agree. At the trial the engineer testified that See stopped his truck when a short distance from the track and then started up again; that it was then too late to avoid a collision. The engineer testified See stopped when the train was 400 to 500 feet from the crossing; that when the car started again the train was about 100 feet from the crossing. The jury, of course, had the right to find and believe that the distances given by the witnesses were estimates. The jury found the issues against the plaintiff and we cannot disturb the verdict.
The last point relied upon by plaintiff was stated in the brief as follows:
"The trial court erred in entering a Judgment in favor of defendants and against the plaintiff wherein two verdicts were rendered by the jury, which verdicts were inconsistent, self-destructive, repugnant, illegal, ambiguous, improper and void on their face, and the trial court further erred in failing to sustain plaintiff's Motion for a Mistrial when the jury rendered two verdicts which were in favor of both the plaintiff and the defendants and which verdicts *832 were void as a matter of law. Newton v. St. Louis & San Francisco Ry. Co., 168 Mo.App. 199, loc.cit. 206 [153 S.W. 495].
"(a) The trial court erred in failing to return the jury to its deliberating room and in failing to require the jury to return a true verdict, one which was not inconsistent on its face. Glaves v. Old Gem Catering Co., Mo.App., 187 [18] S.W.2d 564, loc.cit. 567."
This assignment complies with our rule 1.08 (3), supra. We quoted the assignment in full to demonstrate that counsel is well aware of our rule and is able to comply with its requirements. Counsel should have made specifications of error in the first three points.
The last assignment of error was based on the following as it appears from the record:
"(Thereupon, at 3:37 p.m. the jury retired to the juryroom to consider its verdict.)
"(Thereafter, at 4:29 p.m. the jury was ordered by the Court to return into open court after the Court had received the following note from the jury:)
"`Judge
"`We find the defendants not guilty by unanimous voteBut we all reccomend the plaintiff to be awarded 500.00 for funeral expenses of husband or for loss of truck.
"`Is this permitted:
"`(Signed) Robert L. Smith Foreman'"
"(Thereupon, the following proceedings were had in open court and in the hearing of the jury:)
"The Court: Ladies and gentlemen, the deputy sheriff has handed me a note, signed by your foreman. I am very sorry to tell you that I cannot give you any further instructions at this time; at least, I do not feel at liberty to do so. And all I can do is request you to retire to your jury room and read over the instructions carefully and then determine whether or not you wish to render a verdict and, if so, what verdict. You will be excused. Please retire for further deliberation.
"The Bailiff: The court will be in recess.
"Mr. Robert L. Smith (Juror): It isn't necessary.
"The Court: You have a verdict?
"Mr. Smith: Yes, sir.
"The Bailiff: Order in court.
"The Court: (After examining the verdict) Read the verdict, Mr. Clerk.
"(Thereupon, the Clerk of court read the following verdict:)
"`We, the jury in the above cause, find in favor of both the defendants on the issues herein joined.
"`(Signed) Robert L. Smith Foreman'"
"The Court: Is that your unanimous verdict, ladies and gentlemen?
"Jurors: (In unison) Yes."
Thereupon, plaintiff's counsel requested the jury be polled which was done and each juror announced that the verdict as read was the verdict of the juror.
It is obvious that plaintiff is in no position to complain. The record shows the jury had agreed upon a verdict for the defendants. The note to the judge was simply an inquiry, evidently prompted by sympathy for plaintiff in an effort to find some way the defendants, though not negligent, could be made to pay for the funeral expenses and for the truck which was destroyed in the collision. There was only one verdict.
Finding no error, we hereby affirm the judgment.
BOHLING and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court.
All concur.