J. R. CARLTON ET AL., RESPONDENTS, v. L. F. STANEK ET AL., APPELLANTS.—38 S. W. (2d) 506.

Kansas City Court of Appeals. Opinion filed May 4, 1931.

647

*Bartram & Hull* and *Shinabarger, Blogg & Livengood* and *A. F. Harvey* for respondents.

*John C. Landis, Jr.* and *Cook & Cummins* for appellant.

CAMPBELL, C.—Plaintiffs, who are husband and wife, and the parents of Florence Carlton, seventeen years of age, brought suit for damages on account of her death in an automobile wreck on a state highway in Nodaway County on August 13, 1929, and recovered judgment for $3000. Defendants have appealed. .

Defendants were engaged in the manufacture and sale of ice cream and like products. Robert Appleby was an employee of defendants in the delivery of said products and in performing that service drove defendants' Ford truck. On the day of the fatal accident Appleby invited plaintiffs said daughter and two of her girl companions to go with him from Maryville to the town of Ravenwood. He was going to the latter place for the purpose of making a delivery of defendants' products and was driving the Ford truck. While making the trip the truck moved at a speed of fifty-five to sixty miles per hour. All went well until an instant before the accident "when we got right to the corner, he (Appleby) put on his brakes and the car lurched to one side and turned. over," result-

ing in the death of plaintiffs' said daughter. The corner or turn in the road was visible to the occupants of the car, all of whom were occupying the one seat, for a distance of more than one-fourth of a mile before they came to it. Neither of the girls at any time made protest as to the speed or manner in which the truck was driven.

The charging part of plaintiffs' petition is that Appleby "did then and there so negligently, carelessly, recklessly and wantonly drive and operate said truck . . . that as a direct result of such negligence, carelessness, recklessness and wantonness aforesaid, the said Florence Carlton was, while exercising due care on her part . . . then and there and thereby killed."

The answer is a general denial and a plea of contributory negligence.

The assignments of error are: (1) That the court erred in admitting in evidence statements made by defendants' servant, Appleby upon the theory that said statements were a part of the *res gestae;* (2) that the court erred in admitting speculative, remote, and improper evidence as to the prospective employment of plaintiff's daughter; (3) that the court erred in modifying defendant's instruction 10; (4) that the court erred in refusing defendants' instructions 4, 5, and 6; (5) that the court erred in refusing defendants' instructions 11, 12, 13 and 14, and in modifying defendants' instruction 7; and (6) that the court erred in giving plaintiffs' instruction C.

Plaintiffs' petition was not assailed, nor is complaint made of any of plaintiffs' instructions except instruction C. It was shown that after the accident, and evidently within a few minutes thereafter, and while Appleby was still at the scene of the accident, he said: "Just think! I killed Louise!" "Remember we have not traveled over twenty-five miles an hour." In the circumstances the error, if any, was harmless. Assignment 1 is therefore ruled against defendants.

Assignment 2 is that it was error to permit plaintiffs to prove that their daughter had been promised employment "after she got out of school." That evidence related solely to the amount of recovery, and not to the right to recover.

Defendants have made assignments of error, and excessiveness of verdict is not one of them. Upon the record, the defendants being limited to the errors assigned, the question whether it was error to admit the evidence is not here for review.

Assignment 3 relates to the refusal of defendants' instruction 10 as to the burden of proof. As requested, the instruction contained the words "or if the truth of the charge of negligence against the defendants remains in doubt in your minds, after thoroughly considering the evidence, then your verdict must be for the defendants regardless of any other fact or circumstance in the case." The court

modified the instruction by striking out the words, "or if the truth of the charge of negligence against the defendants remains in doubt in your minds, after thoroughly considering the evidence," and then gave the instruction as modified.

A like instruction to that requested was held to be proper in Denkman v. Prudential Fixture Company, 289 S. W. 591, 594. In that case the verdict was for the defendant. Upon appeal the instruction was expressly approved by the Supreme Court.

The words "in doubt," as construed in the Denkman case, supra, "simply state the converse of the 'reasonable satisfaction' previously charged."

Reluctantly yielding to the pronouncements of the Supreme Court, we hold the trial court would not have committed error if the instruction had been given as requested. But, as construed in that case, the words "in doubt" are the converse of the words "reasonable satisfaction" which remained in the instruction. It was therefore not reversible error to modify the instruction.

Assignment 4 relates to defendants' refused instructions 4, 5, and 6. Said instructions proceed upon the theory that plaintiffs' daughter was a trespasser. There was no evidence that she was a trespasser, and the instructions were properly refused.

Assignment 5 is that it was error to refuse defendants' instructions 11, 12, 13 and 14, and error to modify instruction 7, thereby taking from the jury the question of contributory negligence on the part of plaintiffs' daughter.

Instruction 11, in effect, told the jury that it was the absolute duty of plaintiffs' daughter, if the driver was approaching a curve at a reckless, high and dangerous rate of speed, to attempt to have him check the speed, etc. The instruction was properly refused. [Rappaport v. Roberts, 203 S. W. 676, 678.]

Instruction 12 authorized a verdict for the defendants without requiring the jury to find that decedent knew or ought to have known the truck was being driven in a reckless and wanton manner or at an excessive speed and is not limited to the place of accident, but could very readily be construed to apply to any act of the driver during the entire trip. It was properly refused.

Instruction 13 told the jury that plaintiffs' daughter could not rely absolutely upon the driver to drive the automobile safely, but it was her duty to use ordinary care to observe the road and the manner of driving, and that if they found from the evidence that she permitted herself to be driven at a rapid rate of speed, up to and around the curve in the road, when in the exercise of ordinary care, she should have observed said curve and warned the driver of the car, and such failure, if any, directly contributed to cause her injuries, then plaintiffs could not recover.

If there is evidence of contributory negligence, the instruction should have been given. Considering the crowded condition of the car, the high rate of speed, the fact that the driver said he would make a "record trip," and that neither of the girls said anything to the driver about the manner in which he was driving or should drive, we cannot, as a matter of law, say there is no evidence of contributory negligence. [Lewis v. Kansas City, 17 S. W. (2d) 359, 362; Irwin v. McDougall, 274 S. W. 923; Boland v. Company, 284 S. W. 141; Smith v. Ozark Water Mills Company, 215 Mo. App. 129, 238 S. W. 573.] Moreover, plaintiffs recognized that contributory negligence was in the case. Their main instruction required the jury to find that their said daughter was injured "while exercising the care on her part of a reasonably prudent person 'under like circumstances."

Instruction 14 told the jury that even though the driver of the truck was negligent, yet, if they further found from the greater weight of the credible testimony that plaintiffs' daughter was also negligent, as defined in other instructions, and that that negligence directly contributed to her death, the plaintiffs could not recover.

This instruction states a well known rule that the contributory negligence of an injured person, in the circumstances like those under consideration, is a complete defense. The instruction should have been given.

Plaintiffs' instruction C on the measure of damages is criticized because it did not tell the jury to "consider the possibility of plaintiffs' daughter's death or marriage before attaining the age of twenty-one years."

If defendants desired a more specific instruction, they should have requested it. [Berns v. Company, 296 S. W. 239; Soltesz v. Belz Prov. Company, 260 S. W. 990, 993.]

It is argued by plaintiffs that contributory negligence is not a defense to an injury wilfully, wantonly or recklessly inflicted. But, as stated, plaintiffs submitted the case to the jury upon the theory that they were not entitled to recover unless their daughter was injured "while exercising the care on her part of a reasonably prudent person under like circumstances." Upon appeal, they are bound by the theory adopted below.

What we have said disposes of all the questions presented. The judgment is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur, except *Trimble, P. J.,* absent.