James Martin sued John B. Effrein for $25,000 on account of injuries sustained when, as a pedestrian, he was struck by defendant's automobile. The trial resulted in a verdict for the defendant. On motion, a new trial was granted on the ground defendant's instruction No. 5 "unduly restricts and narrows the zone of peril under the facts and circumstances shown in evidence." Defendant appealed.
Plaintiff was a farmer. His eyesight and hearing were good. About 8:30 p.m., [777] March 16, 1947, he went to Holst's Service Station on Highway No. 25, where he drank several bottles of 3.2 beer. At midnight he decided to go to Danby, about a mile southwest of Holst's, to see a man about doing farm work. This man had been at Holst's that evening but plaintiff did not talk with him about the work because of the noise in the tavern and did not ask him outside to talk because of the cold. Plaintiff proceeded over a gravel road to Danby, arriving there thirty to forty minutes later. It was snowing. Not finding the man, he decided on taking a longer road back; that is, go east about a quarter of a mile to No. 25 and thence north on the concrete pavement because it would be dryer and better walking. Arriving at No. 25, plaintiff walked north at an ordinary gait, along the west curb, just far enough in to keep out of the water. He had his head down and the bill of his cap pulled down. After walking north about two hundred yards, plaintiff saw the lights of an approaching automobile, traveling south, about two-hundred or three-hundred feet away. He "thought there was room for both of us" and did not step off onto the shoulder of the highway. He did not pay attention to the automobile; "never thought any more about the car." Asked: ". . . you knew what was going on"; he answered: "I did." However, he did not know how the car happened to hit him.
The testimony favorable to defendant is to the following effect: On Sunday afternoon of said March 16, defendant and five other young folk of Ste. Genevieve drove to St. Louis in defendant's automobile. They started home about 12:25 a.m. Aldine Donze and defendant were in the front seat, and Harry Greminger, Delores Fallert, Betty Operla, and Bobby Simon were in the rear seat. They traveled highways Nos. 61 and 25. It was snowing and defendant was not exceeding forty miles an hour. He could stop in eighty feet. When approximately forty-five miles south of St. Louis, about 1:45 a.m., defendant saw plaintiff as the headlights revealed him. Plaintiff was two-hundred to three-hundred feet south of the automobile in its line of travel, and about a foot to the east of the west curb of the *Page 1153 
pavement. Some witnesses stated plaintiff was proceeding south. Defendant swerved his automobile to the center of the highway, straddling the center line, and maintained this new line of travel. Plaintiff continued walking near the edge of the pavement. An automobile about six-hundred feet in front of defendant's car passed plaintiff without anything unusual occurring. Then, when defendant was "about fifteen or twenty feet" from plaintiff, plaintiff either staggered or stumbled towards the center of the pavement. Defendant "immediately hit the brakes and swerved to his left," but the extreme right of the right front fender and hood struck plaintiff. Witnesses put the point of impact from about one-and-a-half feet west to a little east of the center line, in the northbound traffic lane, of the pavement. Defendant did not sound the horn. He did not appreciably slacken speed prior to plaintiff's sudden start east.
Instruction No. 5, omitting several if you further finds and other phrases, told the jury "that if you find and believe from the evidence that . . . the defendant was driving his automobile south on U.S. High 25 . . and . . that the plaintiff was walking on the west half of said road, and that the defendant attempted to pass the plaintiff and drove his automobile toward the east half of the road, and . . that the plaintiff was not in a position of peril or danger of being struck or collided with by the defendant's automobile as it was in the act of passing, and . . that the plaintiff changed his course and moved toward the center of the roadway, and in so doing came into a position of imminent peril, and . . that the defendant, by the exercise of the highest degree of care on his part, with the means and appliances at hand, could not, after the plaintiff came into a position of imminent peril of being collided with by said automobile, have avoided striking plaintiff by stopping said automobile, slackening the speed thereof, swerving the course of same or sound the signal of warning, then . ." the verdict should be for the defendant.
[1] Plaintiff sought a recovery solely on defendant's humanitarian negligence in failing [778] to stop, or swerve his automobile, or warn of its approach. Defendant was entitled to have facts established by the evidence and constituting a defense thereto submitted to the jury. Johnston v. Ramming, 340 Mo. 311,100 S.W.2d 466, 469[2], and cases cited.
[2] The submissibility of the defense covered by the instruction is to be determined by viewing the evidence in the light most favorable to defendant. Rothe v. Hull, 352 Mo. 926,180 S.W.2d 7, 8[3]; Kimbrough v. Chervitz, 353 Mo. 1154,186 S.W.2d 461, 464[4]; Bootee v. Kansas City Pub. Serv. Co.,353 Mo. 716, 183 S.W.2d 892, 896[5]. Contradictions in a given witness' testimony appearing in a deposition and at the trial have been considered for the jury. Smiley v. Kinney (Mo.), 262 S.W. 349, 354[3]; Moffett v. Butler *Page 1154 
Mfg. Co. (Mo.), 46 S.W.2d 869, 871[2]; Brown v. Winnwood Amusement Co., 225 Mo. App. 1180, 34 S.W.2d 149, 153[3].
[3] Plaintiff contends, as the court ruled, that the instruction unduly narrows the imminent peril zone and argues that he was in imminent peril at all times when defendant was less than two-hundred feet away.
Imminent peril means something more than the bare possibility a collision might result, or remote, uncertain, or contingent danger. It means certain, immediate, and impending peril. State ex rel. v. Bland, 354 Mo. 868, 191 S.W.2d 660; Blaser v. Coleman, 358 Mo. 157, 213 S.W.2d 420, 421[2]; Baker v. Wood (Mo.), 142 S.W.2d 83, 84[2], and cases cited in the cases mentioned.
[4] Each case stressed on this issue by plaintiff is distinguishable from the instant case. Burke v. Pappas,316 Mo. 1235, 293 S.W. 142, 145, 146; Chastain v. Winton, 347 Mo. 1211,152 S.W.2d 165, 168[1], 169[4]; Wright v. Osborn, 356 Mo. 382,201 S.W.2d 935, 938[7]; Gray v. Columbia Terminals Co.,331 Mo. 73, 52 S.W.2d 809, 811[2, 3]; Taylor v. Kelder,229 Mo. App. 1117, 88 S.W.2d 436, 441[1]. The distinctions need not be developed in detail. In plaintiff's cases the evidence favorable to plaintiff was being discussed under the issues as there presented, some involving the submissibility of plaintiff's case. Such is not the instant issue. Among the elements of the humanitarian doctrine involved in said cases was the plaintiff's obliviousness and the fact that if the injured person and the vehicle in question continued on his and its respective courses a collision was inevitable.
According to defendant's evidence: Defendant swerved his automobile to straddle the center line of the pavement and thereby removed plaintiff from its pathway. This is not a case of inextricability. The two would have passed had plaintiff maintained his course. We cannot say plaintiff was in imminent peril as a matter of law with defendant's automobile straddling the center line. Consult Chenoweth v. McBurney, 359 Mo. 890,224 S.W.2d 114; Phillips v. Henson, 326 Mo. 282, 30 S.W.2d 1065, 1067[5]. "`A defendant owes no duty to an oblivious plaintiff who is not in a position of imminent peril.'" Kenefick v. Terminal Rd. Ass'n (Mo.), 207 S.W.2d 294, 297[4]. Where the imminent peril zone begins is ordinarily a question of fact for the jury. Womack v. Missouri Pac. Rd. Co., 337 Mo. 1160, 88 S.W.2d 368, 371[7]; Bowman v. Standard Oil Co., 350 Mo. 958, 169 S.W.2d 384, 386[3].
We do not agree with plaintiff that "under the law plaintiff was in peril when defendant was two-hundred feet away from him." Plaintiff had the burden of proof and the burden of persuasion on the extent of the imminent peril zone, a contested issue in the case.
[5] Plaintiff's point that he made a "submissible case of obliviousness" is not determinative of the issue involving the propriety of *Page 1155 
the instruction. Defendant did not admit that plaintiff was oblivious. Defendant could assume plaintiff was not oblivious until plaintiff evidenced some reasonable appearance of obliviousness. Pritt v. Terminal Rd. Ass'n, 359 Mo. 896,224 S.W.2d 119, and cases cited; Smithers v. Barker, 341 Mo. 1017,111 S.W.2d 47, 51[5-7]; Gosney v. May L. C. Co., 352 Mo. 693,179 S.W.2d 51, 52[1, 2, 6]; Hanks v. Anderson-Parks, Inc. (Mo. App.), 143 S.W.2d 314, 317[2]. [779] We cannot say as a matter of law that plaintiff was oblivious and ignore the burden resting on him and the testimony favorable to defendant.
[6] The humanitarian doctrine seizes upon a situation as it exists at the instant of imminent peril, and if defendant be then unable to avoid injuring plaintiff by reason of defendant's antecedent acts, or primary negligence, plaintiff is not entitled to recover. Plaintiff apparently overlooks this rule in the instant case. State ex rel. v. Bland, 322 Mo. 565,15 S.W.2d 798; Homan v. Missouri Pac. Rd. Co., 334 Mo. 61, 78[7],64 S.W.2d 617, 624[13]; State ex rel. v. Shain (Mo.), 125 S.W.2d 41, 44[6]; Roach v. Kansas City Pub. Serv. Co. (Mo.), 141 S.W.2d 800, 802[4].
[7] Defendant's instruction submitted an available humanitarian defense. Briefly of the material findings for a defendant's verdict: The jury had to find plaintiff was not in imminent peril while defendant's automobile was straddling the center line and passing plaintiff and plaintiff maintained his course along the side of the pavement. Implicit therein was a plaintiff's verdict if plaintiff were then in imminent peril. This extended the imminent peril zone as far as plaintiff was entitled to have it extended under the facts favorable to defendant. Any issue respecting obliviousness and inextricability were jury questions. It also required a finding that plaintiff changed his course and came into a position of imminent peril; implying a plaintiff's verdict if plaintiff did not so change his course. The instruction closed with the required finding that thereafter defendant could not have avoided the collision. It did not predicate a defendant's verdict on plaintiff being contributorily negligent, and plaintiff's point to that effect is without merit. It did not attempt a sole cause submission. The following cases, among others, sustain the submission. Johnston v. Ramming,340 Mo. 311, 100 S.W.2d 466, 469; Kirkham v. Jenkins Music Co.,340 Mo. 911, 104 S.W.2d 234, 236[1-3]; Roach v. Kansas City Pub. Serv. Co. (Mo.), 141 S.W.2d 800, 802[1-4]; Oliver v. Morgan (Mo.), 73 S.W.2d 993, 995, 996; Phillips v. Henson, supra; Chenoweth v. McBurney, supra; Blaser v. Coleman, supra; Duckworth v. Dent, 346 Mo. 518, 142 S.W.2d 85, 86[3]; Ridge v. Jones,335 Mo. 219, 71 S.W.2d 713, 714[1, 2].
[8] Plaintiff contends the instruction directs a verdict on "physically impossible facts." He argues that the automobile would have been *Page 1156 
forty feet beyond him by the time he moved east three feet if it was traveling forty miles an hour and was ten to twenty feet from him when he changed his direction and first started toward its pathway. The trial court did not grant a new trial on this ground. The figures as to distances and speed are of course estimates. Defendant stated he could not give them exactly. The jury could find them as accurate and as weighty as plaintiff's estimates material to establishing defendant's humanitarian negligence. The situation of imminent peril arose suddenly under defendant's evidence. Some reasonable error in estimates might be anticipated. A slight change in the figures used by plaintiff (we are not in full accord with all of them) would unsettle his presentation of this issue. If the jury believed the ultimate fact as testified to by defendant that he endeavored but was unable to avoid plaintiff after plaintiff started eastwardly, it was legally privileged to find for defendant. Defendant is not to be precluded of his defense by reason of the estimates as to time and space under the instant record. Dennis v. Wood, 357 Mo. 886,211 S.W.2d 470, 474, and cases cited.
The order granting a new trial is set aside and the cause is remanded with directions to reinstate the verdict and enter judgment thereon. Westhues and Barrett, CC., concur.