Helen Smith LA FATA, Respondent,

v.

John BUSALAKI, Appellant.

No. 45068.

Supreme Court of Missouri.

Division No. 1.

June 11, 1956.

Fred B. Whalen, James R. O'Connor, St. Louis, for appellant.

Paul H. Koenig, Koenig, Dietz & Mason, William L. Mason, Jr., St. Louis, for respondent.

COIL, Commissioner.

Appellant, John Busalaki, defendant below, has appealed from the trial court's order sustaining plaintiff's motion for new trial following a defendant's verdict in an action for $25,000 damages for personal injuries. The new trial was granted on the ground that giving defendant's contributory negligence instruction 9 was error.

Plaintiff, a woman 30 years of age, had known defendant for a number of years and had been with him socially on numerous occasions. On the night in question, plaintiff and defendant met at a tavern in north St. Louis about 10:30 p. m. Thereafter, while taking plaintiff to her home at 6600 South Broadway, defendant drove his automobile into collision with a jeep parked at the west curb in the 4600 block of South Broadway. The left side of plaintiff's face struck the windshield and she was injured.

Plaintiff's testimony was to the effect that she was seated in the front seat, awake, and looking out the right window, when defendant's car suddenly jerked to the right and ran into the parked jeep. She testified that defendant later told her that he had fallen asleep and had lost control of his car. Inasmuch, however, as the question of whether the trial court erred in giving instruction 9 depends upon whether there was evidence to support the pleaded defense of contributory negligence, we shall state the evidence in the light most favorable to defendant. Martin v. Effrein, 359 Mo. 1150, 1153 [2], 225 S.W.2d 775, 778 [2, 3].

Defendant's evidence was that when his automobile had reached a point about half the distance between the tavern and 4600 South Broadway, plaintiff had placed herself in a position so that the left side of her body was against his right shoulder; that prior to the accident plaintiff was asleep; that near the collision point he drove his car to the left of a pylon which marked the end of a safety zone for streetcar passengers and that his automobile wheels went onto the depressed rails of the streetcar track; that he drove in that position for approximately 100 feet attempting to turn to his right and thereby release his wheels from the depressions between the rails and the raised cobblestone pavement adjacent thereto; that as he continued at the rate of 25 miles per hour and attempted to turn right, his automobile moved suddenly and quickly to the right toward the parked jeep 25 to 50 feet away; that he attempted to turn back to his left to avoid the jeep but was prevented from turning soon enough or sufficiently because plaintiff was leaning against his right shoulder; that plaintiff's position interfered with the use of his right arm in attempting to turn; that while he succeeded in turning somewhat to the left, he was unable to turn sufficiently and the right front tip of his bumper hit the left rear tire of the jeep.

Defendant's instruction 9 was: "The Court instructs the jury that it was the duty of plaintiff while riding in defendant's automobile to exercise ordinary care for her own safety, and in that regard you are further instructed, that if you find and believe from the evidence that at the time of the collision mentioned in the evidence; plaintiff had voluntarily placed herself on the front seat of defendant's automobile with her head and the left side of her body so close to the right shoulder and arm of the defendant driver so as to interfere with the ability of the defendant driver to turn said automobile quickly and sufficiently to the left, if you so find, after the automobile had swerved to the right, if you find it did, and if you further find that in so seating herself plaintiff failed to exercise ordinary care for her own safety and was thereby negligent, and such negligence, if any, directly caused or contributed to cause

the collision in question, if you so find, and plaintiff to be injured; then you are instructed plaintiff is not entitled to recover in this case and your verdict must be for defendant, and this is true even though you may find and believe that defendant was also negligent as defined in other instructions."

Defendant contends that the foregoing instruction was supported by the evidence, was in proper form, and that the trial court erred in granting plaintiff a new trial by reason of having given it.

Plaintiff contends the instruction was erroneous and that the trial court properly so held for the reasons hereinafter noted.

■ Plaintiff first contends that the instruction was so drawn as to reasonably indicate to the jury that the contributory negligence submitted consisted of plaintiff's acts *after the automobile had swerved to the right and when plaintiff was asleep*. She next contends that there was no testimony to support the hypothesis in the instruction that ,plaintiff *voluntarily* had placed herself in the noted position for the reason that defendant's testimony was all to the effect that plaintiff was asleep when she took or assumed the noted position against defendant's right side and shoulder. Each of those contentions is based upon the proposition that plaintiff's involuntary acts, while asleep, could not, as a matter of law be negligence. Stokes v. Carlson, 362 Mo. 93, 240 S.W.2d 132.

Viewing the evidence most favorably from defendant's standpoint we cannot agree with either of those contentions. Defendant's testimony considered as a whole was subject to the reasonable interpretation that plaintiff was awake when she assumed her position against defendant's right side. Plaintiff, to support her contention to the contrary, contents herself with the statement that "all of his [defendant's] testimony is to the effect that she was asleep when her body came into this position." The only portion of defendant's testimony to which plaintiff points to support that conclusion, however, is the following question and answer with the emphasis indicated:

"Q. And you knew, if she was on your shoulder, that you might have to turn out, *even in the very beginning,* if she put her head on your shoulder, you didn't tell her, 'Look, take your head off my shoulder,' you were satisfied to drive that way? A. She was sleeping. I didn't want to bother her *then*." We doubt that the foregoing question and answer, even standing alone, supports defendant's conclusion, but, more important, we have no doubt that a jury reasonably could have found that defendant's testimony, as a whole, could be interpreted as meaning that when plaintiff originally took the position in question she was fully awake and her action was entirely voluntary. For example, defendant testified: "Q. And how long had she been * * * leaning on your shoulder? A. Well, we had gone about half the distance. Q. When *she placed herself* in that position? Is that correct? A. Yes, sir." (Our italics.)

Nor can we agree with plaintiff's contention that the instruction is reasonably subject to the jury's construction that plaintiff's hypothesized negligence were acts which occurred while she was asleep. This, because the instruction submits as plaintiff's negligence the finding that "in so seating herself plaintiff failed to exercise ordinary care for her own safety and was thereby negligent". The isolated phrase upon which plaintiff bases her argument in that respect, viz., "after the automobile had swerved to the right," refers clearly and only to defendant's ability to thereafter turn his automobile quickly enough and sufficiently to the left to avoid the collision.

Stokes v. Carlson, supra, which holds that involuntary movements of a sleeping person may not constitute negligent acts because of the absence of that one's volition, is not applicable to the facts of the instant case as we have held a jury reasonably could have found them to be.

Plaintiff does not complain of the form of the instruction and does not contend that, if plaintiff was awake when she assumed the position indicated, such fact was not sufficient to make a submissible case on her contributory negligence.

While our research has failed to disclose a case factually like the present, we have no doubt that a jury reasonably could have found that plaintiff's voluntary assumption of a position, the natural and probable consequence of which would likely be interference with the driver's full control of his automobile, constituted negligence. See 61 C.J.S., Motor Vehicles, § 490, p. 113, § 490c, p. 115; Blashfield Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. 4, Part 1, § 2433, p. 586, § 2434, p. 593; Carlton v. Stanek, 225 Mo.App. 646, 649 38 S.W.2d 505, 507 [6].

■ Plaintiff next contends that the instruction was erroneous because, it is said, defendant's testimony showed affirmatively that there was no causal connection between plaintiff's submitted negligence and the ensuing collision and injury. Our statement heretofore of defendant's testimony demonstrates the lack of merit in that contention. Again, to sustain her position, plaintiff has isolated certain of defendant's answers and has attempted to construe those from a standpoint most favorable to plaintiff. We shall not again detail defendant's testimony. There is no doubt that it was sufficient to authorize a jury to reasonably find that plaintiff's position contributed to prevent defendant from avoiding the collision and plaintiff's ensuing injury. And we may not say as a matter of law that plaintiff should not have anticipated that a natural and probable consequence of her voluntary action would result in some injury to her because of defendant's consequent inability to properly control his car in given circumstances. The exact manner in which plaintiff was injured need not have been anticipated. It was sufficient that a jury reasonably could have found that plaintiff should have anticipated some injury as a natural and probable consequence of her act and that her act was a substantial factor in producing that injury. Snyder v. Jensen, Mo., 281 S.W.2d 802, 813 [9, 10].

■ Plaintiff's final contention to demonstrate the erroneousness of the instruction in this: "Under the evidence, and as a matter of law, defendant assumed the risk of plaintiff's position in the car." It is, to say the least, a unique position to contend that a plaintiff may recover on the theory that a defendant assumed the risk of plaintiff's being injured by reason of plaintiff's negligence in assuming a certain position in an automobile. The statement of the proposition demonstrates its fallacy. Assumption of risk or incurred risk is an affirmative defense which a *defendant* may assert where the defense is upon "the theory * * * that that to which a person assents is not regarded in law as an injury." Dietz v. Magill, Mo.App., 104 S.W.2d 707, 711 [2]. "The defense * * * rests upon the plaintiff's consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of harm from a particular risk." Prosser on Torts, 2nd Ed., § 55, p. 303. By its very nature it is not something on which plaintiff may rely to recover. If plaintiff means that defendant *waived* her contributory negligence by acquiescing in the fact of her having assumed the position she was in at accident time, her contention is equally untenable. The fact that defendant permitted plaintiff to take and ride in a dangerous position does not affect the question of whether plaintiff's recovery was barred by her own negligence. 61 C.J.S., Motor Vehicles, § 490a, p. 113; Wheeler v. Buerkle, 14 Cal.App.2d 368, 372 [4], 58 P.2d 230, 232 [6].

It must follow that the trial court did not err in giving instruction 9 and its order granting plaintiff a new trial is set aside and the case remanded with directions to reinstate defendant's verdict.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.